### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BECKLEY DIVISION

| | | |
|---|---|---|
| **JAMES WOODSON and Family,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **CIVIL ACTION NO. 5:04-0991** |
| | ) | |
| **ROGERS FOODLAND,** | ) | |
| **and its INSURER,** | ) | |
| | ) | |
| **Defendant.** | ) | |

### PROPOSED FINDINGS AND RECOMMENDATION

Pending is Plaintiff's Motion for Default Judgment.[1] (Document No. 27.) On September 13, 2004, Plaintiff, acting *pro se*, filed a Complaint in this matter claiming that while eating a strawberry parfait dessert purchased from the deli at Rogers Foodland, he choked on a foreign substance, which caused him injury. (Document No. 1.) By Standing Order filed on September 13, 2004, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 2.)

### FACTUAL AND PROCEDURAL HISTORY

On March 9, 2005, Plaintiff filed his Motion for Default Judgment, in which he requests that the Court enter default judgment against Defendant Rogers Foodland. (Document No. 27.) Plaintiff states as his grounds for the Motion for Default Judgment that "Defendants are only proving guilt

---

[1] Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and therefore they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

by tactics they employ." (Id.)  In support of his motion, Plaintiff attached the following documents: (1) letter dated March 4, 2005, to Plaintiff from Hamilton D. Skeens, counsel for Defendant Rogers Foodland extending a settlement offer; (2) letter dated January 6, 2003, from Amy Steelman of American Economy Insurance Company to Plaintiff advising that his claim is still under investigation and requesting that he provide a medical authorization form; (3) a Crawford Claims Management Services business card; (4) a Medical Authorization permitting representatives of American Economy Insurance Company to obtain and review his medical records; (5) letter dated January 21, 2003, to Plaintiff from Mike Kemlock of Crawford & Company requesting that Plaintiff contact his office; and (6) a handwritten note of Belinda Walton stating that she took Plaintiff to Foodland at Fairlea, West Virginia, on September 10, 2005, and that he purchased a strawberry parfait which made him deathly ill.  (Id.)

## ANALYSIS

A party's entitlement to default judgment is most commonly considered under Rule 55 of the Federal Rules of Civil Procedure. Rule 55(a) of the Federal Rules of Civil Procedure provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and the fact is made by affidavit or otherwise, the clerk shall enter the party's default." Fed. R. Civ. P. 55(a).  Upon motion and notice to the party against whom judgment by default is sought, either the Clerk or the Court, in its discretion, may enter judgment by default.  Fed. R. Civ. P. 55(b).  Rule 55(b) provides as follows:

**(b) Judgment.** Judgment by default may be entered as follows:

**(1) By the Clerk.** When the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain, the clerk upon request of the plaintiff and upon affidavit of the amount due shall enter judgment for that amount and costs against the defendant, if the defendant has been defaulted for

failure to appear and is not an infant or incompetent person.

**(2) By the Court.** In all other cases the party entitled to a judgment shall apply to the court therefor; but no judgment by default shall be entered against an infant or incompetent person unless represented in the action by a general guardian, committee, conservator, or other such representative who has appeared therein. If the party against whom judgment by default is sought has appeared in the action, the party (or, if appearing by representative, the party's representative) shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application. If, in order to enable the court to enter or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall accord a right of trial by jury to the parties when and as required by any statute of the United States.

After reviewing all of the pleadings and filings in this case, the undersigned finds that Defendant Rogers Foodland timely responded to Plaintiff's Complaint. Plaintiff filed his Complaint on September 10, 2004. The Return of Service Form filed in this action indicates that service of process was effected on Defendant Rogers Foodland on November 18, 2004, by Plaintiff through certified mail. (Document No. 10.) Pursuant to Rule 12(a)(1)(A), Defendant Rogers Foodland had twenty days from November 18, 2004, specifically December 8, 2004, to file its Answer or other response to Plaintiff's Complaint. Fed. R. Civ. P. 12(a)(1)(A). The records reflect that Defendant Rogers Foodland's Motion to Dismiss and Answer were filed on December 8, 2004. (Document No. 13). Accordingly, the undersigned finds that Defendant Rogers Foodland timely filed its Motion to Dismiss and Answer to Plaintiff's Complaint. Therefore, construing Plaintiff's Motion in view of Rule 55, it is clear that it must be denied.

Having considered the ordinary bases for default judgment under the Federal Rules of Civil Procedure and reading Plaintiff's Motion liberally as required, the undersigned has considered whether Plaintiff's Motion might be cognizable under Rule 56 or any other Rule permitting default

judgment as a sanction or penalty. The undersigned finds from Plaintiff's submission of documents along with his Motion that he intended his Motion to be premised upon facts supported by the documents but those documents do not in any way demonstrate that there are no genuine issues of material fact as required for summary judgment under Rule 56. The undersigned further finds that nothing in the record of this case or Plaintiff's Motion indicates that Plaintiff is entitled to default judgment as a sanction or penalty.

### **PROPOSAL AND RECOMMENDATION**

Accordingly, the undersigned hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DENY** Plaintiff's Motion for Default Judgment. (Document No. 27.)

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Joseph R. Goodwin. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1), and Rule 6(e) and 72(b), Federal Rules of Civil Procedure, the Plaintiff shall have thirteen days from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155, 106 S. Ct. 466, 475, 88 L.Ed.2d 435 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United

States v. Schonce, 727 F.2d 91, 94 (4th Cir. 1984).  Copies of such objections shall be served on opposing parties, Judge Goodwin and this Magistrate Judge.

The Clerk of this Court is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to counsel of record and to Plaintiff who is acting *pro se*.

Date:   January 6, 2006

R. Clarke VanDervort
United States Magistrate Judge