IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

| | |
|---|---|
| JAMES WOODSON and Family, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    **CIVIL ACTION NO. 5:04-0991** |
| | ) |
| ROGERS FOODLAND, | ) |
| and its INSURER, | ) |
| | ) |
|     Defendant. | ) |

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending is Defendant's Motion for Summary Judgment.[1] (Doc. No. 32.)  By Standing Order

filed on September 13, 2004, this matter was referred to the undersigned United States Magistrate

Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant

to 28 U.S.C. § 636(b)(1)(B). (Doc. No. 2.)   Based upon a thorough examination of the documents

of record and applicable law, the undersigned concludes and hereby respectfully recommends that

Defendant's Motion for Summary Judgment be granted.

**FACTUAL AND PROCEDURAL HISTORY**

On September 10, 2004, Plaintiff, acting *pro se*, filed a Complaint in this matter claiming that

while eating a strawberry parfait dessert purchased from the deli at Rogers Foodland, he choked on

a foreign substance, which caused him injury.  (Doc. No. 1.)  Plaintiff filed an Application to

Proceed *in forma pauperis* on September 21, 2004 (Doc. No. 3.), and the Court granted it by Order

---

[1] Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held
to a less stringent standard than if they were prepared by a lawyer, and therefore they are construed
liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

filed on October 18, 2004. (Doc. No. 4.)  The Clerk issued a Summons (Doc. No. 9), and Defendant

filed an Answer to Plaintiff's Complaint and a Motion to Dismiss on December 8, 2004.  (Doc. No.

13.)  On December 20, 2004, Defendant served Interrogatories and a Request for Production of

Documents upon Plaintiff.  (Doc. No. 16.)  Defendant withdrew its Motion to Dismiss and filed an

Amended Answer to Plaintiff's Complaint on December 28, 2004.  (Doc. Nos. 17 and 18.)   On

January 18, 2004, Plaintiff submitted his Answers to Defendant's Interrogatories but indicated that

he would provide documentation to Defendant as requested "when it arrives."  (Doc. No. 20.)

Plaintiff also filed a Motion for Discovery which includes Interrogatories to Defendant.  (Doc. No.

21.)  Because Plaintiff indicated that he needed additional time to respond to Defendant's Request

for Production of Documents, the Court construed his request as a Motion for Extension of Time.

By Order dated August 23, 2005, the Court granted Plaintiff's Motion for Extension of Time and

Motion for Discovery.  (Doc. No. 31.)   The Court further ordered that Plaintiff provide the

documents as requested by Defendant in its Request for Production of Documents within thirty days

of the entry of the Order.  (Id.)  The Court likewise required Defendant to respond to Plaintiff's

discovery requests within the same time frame.  (Id.)

On March 9, 2005, Plaintiff filed a Motion for Default Judgment. (Doc. No. 27.)  On January

6, 2006, the undersigned filed his Proposed Findings and Recommendation.  (Doc. 35.)  The

undersigned recommended that Plaintiff's Motion for Default Judgment be denied because

Defendant had timely responded to Plaintiff's Complaint.  (Id.)  By Order filed on February 3, 2006,

United States District Judge Joseph R. Goodwin adopted the Proposed Findings and

Recommendation and thereby denied Plaintiff's Motion for Default Judgment.  (Doc. No. 37.)

On December 27, 2005, Defendant filed with the Court and served on Plaintiff a Motion for Summary Judgment. (Doc. No. 32.)  As grounds for its Motion for Summary Judgment, Defendant contends that the District Court lacks subject matter jurisdiction.  First, Defendant contends that the District Court lacks jurisdiction because this matter does not involve a federal question.  Second, Defendant contends that there is no diversity of citizenship between the parties because both Plaintiff and Defendant are considered citizens of West Virginia for purposes of diversity jurisdiction pursuant to 28 U.S.C. §1332.  Alternatively, Defendant contends that this case should be dismissed pursuant to Rule 37 of the Federal Rules of Civil Procedure because Plaintiff failed to cooperate with discovery by failing to answer Defendant's discovery requests as previously ordered by this Court.  ( Id. at 3.)  In support of its Motion, Defendant attaches the following documents: (1) excerpts of Plaintiff's Answers to Defendant's First Set of Interrogatories wherein Plaintiff indicates that at the time of the incident which is the subject of this matter he was residing in Lewisburg, West Virginia and that he is currently residing in Beaver, West Virginia;[2] (2) Plaintiff's Response to Defendant's Request for Production of Documents indicating that Plaintiff's responses would be forthcoming; (3) letter dated October 27, 2005 from Hamilton Skeens, counsel for Defendant, to Plaintiff  requesting that Plaintiff supplement his discovery responses as ordered by the Court on August 23, 2005; and (4) documentation from the West Virginia Secretary of State Business Organization Information System indicating that Defendant's state of incorporation and principal place of business is West Virginia.  (Id. at Exhibits 1-6.)

---

[2] Defendant states that Plaintiff's current address, 1200 Airport Road, Beaver, West Virginia, is the address of Southern Regional Jail.

Plaintiff filed his response to Defendant's Motion for Summary Judgment on December 30, 2005.   (Doc. No. 33.) Plaintiff contends that if Defendant had provided answers to his interrogatories, "it would have showed interstate transportation of known substances, such as flours, sugars, eggs, from companies, that was doing supply business with Defendant which are not the jurisdiction of the State of West Virginia." (Id. at 1-2.)(paragraph number omitted)  Plaintiff also contends that Defendant was ordered to provide him with such information.  (Id.)

On January 3, 2006, Notice pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), was issued to the Plaintiff, advising him of his right to file a response to Defendant's Motion for Summary Judgment.  (Doc. No. 34.)   Specifically, Plaintiff was advised that Defendant is challenging the District Court's jurisdiction. (Id.)  Plaintiff did not file a further response and instead relies upon his previously submitted "Answer to Defendant's Motion for Summary Judgment." (Doc. No. 33.)

On January 12, 2006, Defendant filed its Reply to Plaintiff's Response to Defendant's Motion for Summary Judgment.  (Doc. No. 36.)  Defendant contends that Plaintiff failed to produce any evidence that would demonstrate diversity of citizenship. Defendant argues that "[t]he fact that there may have been companies outside the State of West Virginia doing business with the Defendant is completely irrelevant to the analysis of whether this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332." (Id. at 3 ¶19).  Defendant also reiterates its position that the District Court lacks diversity jurisdiction by stating that "at the time of the allegations giving rise to this Complaint, the Plaintiff was a resident of the State of West Virginia and the Defendant was organized and had its principal place of business in West Virginia."  (Id. at  3 ¶20.)

## THE APPLICABLE STANDARD

Summary judgment is appropriate under Federal Rule of Civil Procedure 56 when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Once the moving party demonstrates the lack of evidence to support the non-moving party's claims, the non-moving party must go beyond the pleadings and make a sufficient showing of facts presenting a genuine issue for trial. Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 - 87, 106 S.Ct.1348, 89 L.Ed.2d 538 (1986). All inferences must be drawn from the underlying facts in the light most favorable to the non-moving party. Matsushita, 475 U.S. at 587, 106 S.Ct. at 1356. Summary judgment is required when a party fails to make a showing sufficient to establish an essential element of a claim, even if there are genuine factual issues proving other elements of the claim. Celotex, 477 U.S. at 322 - 23, 106 S.Ct. at 2552 - 53. Generally speaking, therefore, summary judgment will be granted unless a reasonable jury could return a verdict for the non-moving party on the evidence presented. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 - 48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

## ANALYSIS

Federal Courts are Courts of limited jurisdiction that are empowered to consider cases authorized by Article III of the United States Constitution and statutes enacted by Congress. Bender v. Williamsport Area School District, 475 U.S. 534, 541, 106 S.Ct. 1326, 1331, 89 L.Ed.2d 501 (1986).  Title 28, U.S.C. §§ 1331 and 1332 provide that the Federal Courts have jurisdiction over cases involving federal questions and diversity of citizenship.  Title 28, U.S.C. §1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution,

laws, or treaties of the United States." Title 28, U.S.C. §1332 provides that the District Courts shall

have original jurisdiction of all civil actions where the matter in controversy (1) exceeds the sum

or value of $75,000, exclusive of interests or costs, and (2) is between citizens of different states.

28 U.S.C. §1332(a)(1).[3]

When a defendant challenges a District Court's jurisdiction, the plaintiff bears the burden

of proving by a preponderance of evidence facts which would support jurisdiction.  Mitchell v.

Monongahela Power Co., 602 F. Supp. 756, 760 (S.D.W.Va. 1985)(Haden, C.J.).   In the instant

matter, Plaintiff fails to allege the basis for the District Court's jurisdiction in his Complaint.

Furthermore, Plaintiff's Complaint does not appear to involve any question of "federal law" as to

invoke jurisdiction under § 1331.  (See Doc. No. 1.)  Plaintiff has further failed to produce any

evidence to support such a finding in response to Defendant's Motion for Summary Judgment.

---

[3] Title 28, U.S.C. §1332 specifically provides:

(a) The district courts shall have original jurisdiction of all civil actions where the
matter in controversy exceeds the sum or value of $75,000, exclusive of interest and
costs, and is between –

(1) citizens of different states;

(2) citizens of a State and citizens or subjects of a foreign state;

(3) citizens of different States and in which citizens or subjects of a
foreign state are additional parties; and

(4) a foreign state, defined in section 1603(a) of this title, as plaintiff
and citizens of a State or of different States.

For the purposes of this section, section 1335, and section 1441, an alien admitted
to the United States for permanent residence shall be deemed a citizen of the State
in which such alien is domiciled.

Instead, Plaintiff appears to contend that the District Court has diversity jurisdiction pursuant to

§ 1332.

Section 1332 requires complete diversity of citizenship between the adverse parties. <u>See</u>

<u>Owen Equip., & Erection Co. v. Kroger</u>, 437 U.S. 365, 373, 98 S.Ct. 2396, 57 L.Ed.2d 274(1978).

"[D]iversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from

*each* plaintiff." <u>Id.</u> "The statute establishing diversity jurisdiction is to be strictly construed and all

doubts are to be resolved against federal jurisdiction." <u>Frontier Energy Corp. v. Broda</u>, 882 F.Supp.

82, 85 (N.D.W.Va. 1995).

For purposes of diversity jurisdiction, a corporation is deemed to be a citizen of any State

where it has been incorporated and where it has its principal place of business.  28 U.S.C. §1332(c).

With respect to individuals, citizenship has been equated to the place of domicile.  <u>See</u> <u>Linville v.</u>

<u>Price</u>, 572 F.Supp. 345 (D.C.W.Va. 1983).

In the present action, Plaintiff has failed to allege any facts or produce any evidence that

would provide a sufficient basis for this Court's jurisdiction.  Instead, Plaintiff contends in his

response to Defendant's Motion for Summary Judgment that the District Court has jurisdiction over

Defendant because Defendant may conduct business with companies and individuals located outside

the State of West Virginia. Plaintiff further argues that Defendant's Motion for Summary Judgment

should be denied because Defendant failed to respond to his discovery requests as ordered by the

Court.  Plaintiff contends that if Defendant had provided him with the requested information he

would be able to demonstrate that Defendant conducted activities outside the State of West Virginia.

The undersigned finds that Defendant's conduct of business outside the State of West Virginia is

irrelevant as to the determination of whether the District Court has subject matter jurisdiction

pursuant to § 1332.  Because Plaintiff is a resident of the State of West Virginia and the Defendant

was organized and has its principal place of business in West Virginia, the undersigned finds that

both Plaintiff and Defendant are citizens of West Virginia, and thus not diversity of jurisdiction doe

not exist under § 1332.[4]  Accordingly, because Plaintiff has failed to prove sufficient facts to

establish jurisdiction pursuant to § 1331 or § 1332, the undersigned recommends that Defendant's

Motion for Summary Judgment be granted because the District Court lacks subject matter

jurisdiction.

## PROPOSAL AND RECOMMENDATION

Accordingly, the undersigned hereby respectfully **PROPOSES** that the District Court

confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **GRANT**

Defendant's Motion for Summary Judgment (Document No. 32.), and remove this case from the

Court's docket.  The parties are hereby notified that this "Proposed Findings and Recommendation"

is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge

Thomas E. Johnston.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1),

and Rule 6(e) and 72(b), Federal Rules of Civil Procedure, the Parties shall have thirteen days from

the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk

of   this   Court   specific   written   objections   identifying   the   portions   of   the   Findings   and

---

[4] Plaintiff previously asserted in his response to Defendant's Motion to Dismiss, which Defendant later withdrew, that this Court has jurisdiction because he is a Native American. Although Plaintiff failed to mention his Native American heritage in his response to Defendant's Motion for Summary Judgment, the undersigned finds it prudent to briefly address the issue given that Plaintiff is acting *pro se*.  It is well settled that "[a] Native American residing within the borders of a state is a citizen of that State."  Richardson v. Malone, 762 F.Supp. 1463 (N.D. Okla. April 8, 1991).  Accordingly, the fact that Plaintiff is a Native American does not create diversity jurisdiction pursuant to § 1332 because Native Americans take on the citizenship of the State where they reside for purposes of diversity jurisdiction.

Recommendation to which objection is made and the basis of such objection.  Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155, 106 S. Ct. 466, 475, 88 L.Ed.2d 435 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schonce, 727 F.2d 91, 94 (4th Cir. 1984).  Copies of such objections shall be served on opposing parties, Judge Johnston and this Magistrate Judge.

The Clerk of this Court is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to counsel of record and to Plaintiff who is acting *pro se*.

Date:   May 3, 2006.

R. Clarke VanDervort
United States Magistrate Judge